UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HERBERT B.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C19-6231 RSM

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals denial of his application for Disability Insurance Benefits, contending the ALJ erred by rejecting the opinions of examining doctors Cynthia Collingwood, Ph.D., and Alexander Patterson, Psy.D. Dkt. 11. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 58 years old, has a high school education, and has worked as a material handler. Dkt. 9, Admin. Transcript (Tr.) 950. Plaintiff alleges disability as of April 14, 2015. Tr. 938. In his first appeal to this court, a January 2017 ALJ decision finding Plaintiff not disabled was reversed and remanded for reconsideration of Dr. Collingwood's opinions. Tr. 1034-49, 18-32. On remand the ALJ found Plaintiff had the severe impairments of depression,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

anxiety, status post-traumatic brain injury (TBI), and status post-prostate cancer. Tr. 941. The ALJ found Plaintiff had the Residual Functional Capacity (RFC) to perform simple, routine, predictable work but not in a fast-paced production environment, and could tolerate occasional, routine changes and occasional interaction with coworkers and the public. Tr. 944.

On a subsequent application for benefits not at issue here, Plaintiff was found disabled beginning January 14, 2017. Tr. 938. Accordingly, the relevant period in this appeal is the April 2015 alleged onset date to the January 2017 established disability date.

**DISCUSSION**

An ALJ may only reject the uncontradicted opinion of an examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if an examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.*

**A.     Dr. Collingwood**

Dr. Collingwood examined Plaintiff in November 2016 and, based on diagnoses of severe cognitive disorder, post concussive syndrome (TBI), and severe major depressive disorder, opined Plaintiff would be unable to persist for a normal work day or work week, unable to relate adequately to employers and coworkers, and able to manage only brief transactional interactions with the public. Tr. 933, 934. The ALJ gave Dr. Collingwood's opinions "little weight" as unsupported by the medical record. Tr. 948-49.[1]

---

[1] The ALJ also noted Dr. Collingwood performed a one-time examination solicited by Plaintiff's attorney. Tr. 948. The Commissioner does not defend these reasons to discount Dr. Collingwood's opinions, apparently conceding they are erroneous. An ALJ must consider all medical opinions, including those by examining doctors. *See* 20 C.F.R. § 404.1513(a)(2). And, as the court held on the previous appeal, the ALJ "erred in rejecting the opinions of Dr. Collingwood based on the purpose for which the report was obtained…." Tr. 1044.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 2

The ALJ cited several normal mental status findings, such as normal speech and thought content, but none address the cognitive difficulties Dr. Collingwood found primarily underlay Plaintiff's work-related limitations. Dr. Collingwood observed Plaintiff's "overall manners and polite responses initially give the impression of normal mood and functioning, however, when probed in depth, he becomes easily tearful and his cognitive problems become more apparent." Tr. 928-29. Because of his cognitive difficulties, "behavioral classes" have not helped his depressive symptoms because he has "difficulties understanding or remembering" the material. Tr. 926. The ALJ acknowledged Dr. Collingwood's "abnormal cognitive test results" and cited no conflicting cognitive test results or other medical evidence contradicting Dr. Collingwood's opinions. Tr. 948. Conflict with medical evidence was not a specific and legitimate reason to discount her opinions.

The Court concludes the ALJ erred in discounting Dr. Collingwood's opinions.

**B.    Dr. Patterson**

In October 2018 Dr. Patterson examined Plaintiff and, based on diagnoses of neurocognitive disorder and major depressive disorder, opined he would have "difficulty … performing work activities on a consistent basis without special or additional instructions, and maintaining regular attendance, due to cognitive deficits." Tr. 1518. He would also have "difficulty accepting instructions from supervisors and interacting with co-workers and the public … and completing a normal workday/workweek. … His ability to focus and persist through a normal workday is very questionable." Tr. 1519. The ALJ gave Dr. Patterson's opinions little weight because terms like "difficulty" and "questionable" were "vague," and because he examined Plaintiff well over a year after the relevant period. Tr. 949.

Whether clinical observations made outside the period at issue are relevant depends on

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

the circumstances. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) ("it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability"); *Macri v. Chater*, 93 F.3d 540, 545 ("The opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status, however, is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam."); *see also Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (noting that a medical report from before the disability period was relevant to the issue of whether the claimant's condition had worsened to the point of disability). Although Dr. Patterson's examination occurred about 20 months after the relevant period ended in January 2017, there is no indication Plaintiff's mental health had changed in that time. Under these circumstances, the date of Dr. Patterson's examination was not a specific and legitimate reason to discount his opinions.

Vagueness is not by itself a reason to discount an opinion, because an ALJ has a duty to develop an inadequate record.[2] *See Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001). However, a court must affirm if the RFC incorporates a reasonable interpretation of the opined limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming where ALJ's "assessment is consistent with restrictions identified in the medical testimony"). Plaintiff contends Dr. Patterson opined "marked to severe difficulties regarding attendance, which would preclude sustained employment." Dkt. 11 at 6. A vocational expert testified being off task 15% of the day, or requiring 40 minutes of additional breaks per day, would preclude employment. Tr. 104-05. Whether Dr. Patterson's opined limitations rise to this level is not entirely clear on their face. However, given the similarity of Dr. Patterson's and Dr.

---

[2] The Commissioner asserts Dr. Patterson's opinions were not "significant probative evidence" the ALJ must address, but medical opinions of deficits in maintaining attendance are crucial to the disability determination. Dkt. 12 at 6 (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

Collingwood's findings and opinions, as the ALJ must reevaluate Dr. Collingwood's opinions on remand the ALJ should also reevaluate Dr. Patterson's.  The consistency between the two reports in clinical findings of major cognitive difficulty as well as in opined limitations in the areas of attendance and social interaction may assist the ALJ in interpreting Dr. Patterson's opinions.

C.     **Scope of Remand**

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Plaintiff offers no reason for the Court to make such an exception, merely stating "[i]f benefits are not paid outright this case should be remanded for a *de novo* hearing." Dkt. 11 at 7.  This Court "will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929-30 (9th Cir. 2003); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with specificity in briefing).  The Court concludes remand for further proceedings is appropriate.

# CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Collingwood's and Dr. Patterson's opinions, reassess the RFC as appropriate, and proceed to step five as necessary.

DATED this 27th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE